**MUNICIPALITIES – URBAN RENEWAL CHARTER AMENDMENTS**

September 21, 1995

*The Honorable Louise V. Snodgrass*
*House of Delegates*

You have requested our opinion on the status of certain local laws, enacted by the General Assembly, that authorize specific municipalities to carry out urban renewal projects. Most of these urban renewal laws amended municipal charters and some municipalities have purportedly exercised their home rule powers to amend or repeal these laws. In light of these actions by the municipalities, the question has arisen as to the status of these laws.

Our opinion is as follows: Although all municipal corporations in the State have home rule, an express provision of the Maryland Constitution reserves to the General Assembly alone the power to enact, amend, and repeal urban renewal laws for specific municipalities. In our opinion, therefore, the laws in question are still valid as enacted by the General Assembly.

Where the urban renewal provisions of a municipal charter have been revised or deleted by the municipal authorities, the charter should be republished with the provisions as enacted by the General Assembly.[1] To avoid confusion in the future, the General Assembly could enact specific urban renewal authorizations as part of a county's local laws or a standard authorization as part of the general laws. Another approach would be to enact an authorization as an appendix to a municipal charter.

---

[1] We are not here referring to municipalities that might have revised their charters to incorporate by reference urban renewal provisions enacted by the General Assembly. *See, e.g.*, City of Hagerstown Charter Amendment No. 1990-1. We see no legal problem arising from such incorporation by reference.

# I

## Urban Renewal Authority

Until the 1954 adoption of the Municipal Home Rule Article, Article XI-E of the Maryland Constitution, the General Assembly had the authority to grant, amend, and repeal individual charters for municipal corporations. *See* Article III, §48 of the Constitution. The Municipal Home Rule Article granted municipal corporations broad power to amend their existing charters or local laws and to adopt a new charter. Article XI-E, §3.[2] Moreover, the Municipal Home Rule Article generally prohibits the General Assembly from enacting local laws for particular municipal corporations. Article XI-E, §1.

However, this general prohibition is expressly qualified by the Urban Renewal Amendment, Article III, §61, which was adopted as part of the Constitution in 1960. *See* Chapter 444 of the Laws of Maryland 1959; Laws of Maryland 1961 at 1782. Article III, §61 provides that "[t]he General Assembly may authorize and empower any county or any municipal corporation, *by public local law . . .*" to carry out urban renewal projects and to condemn property for this purpose. (Emphasis added.)

This amendment, as suggested by the Maryland Municipal League and recommended by the Legislative Council, would have simply authorized counties with charter home rule under Article XI-A and municipal corporations with home rule under Article XI-E to carry out urban renewal projects. *See* Legislative Council of Maryland, *Report to the General Assembly of 1959* at 83-85, 129, and 133-134. However, as amended and passed by the General Assembly, the proposed amendment provided for authorization by public local law. Indeed, the bill was amended to provide expressly that the Legislature's power to enact local laws in this matter prevailed over Articles XI-A and XI-E. *See* Chapter 444 of the Laws of Maryland 1959 at 576 and 578.

---

[2] Article XI-E, §3 provides that municipalities "shall have the power and authority, (a) to amend or repeal an existing charter or local laws relating to the incorporation, organization, government, or affairs of said municipal corporation heretofore enacted by the General Assembly of Maryland, and (b) to adopt a new charter, and to amend or repeal any charter adopted under the provisions of this Article."

In your letter, you advised that, since the adoption of the Urban Renewal Amendment in 1960, the General Assembly has enacted 46 separate public local laws authorizing individual municipal corporations to carry out urban renewal projects. Most of these enactments simply amended the municipal charter. *See, e.g.,* Chapter 755 of the Laws of Maryland 1961.

In some instances, municipal authorities have purportedly exercised their home rule powers under Article XI-E by amending their charters to amend or repeal the urban renewal provisions enacted by the General Assembly. The status of these local laws has come into question, because the General Assembly recently enacted legislation that grants certain additional powers of condemnation to those municipal corporations authorized by public local law to carry out urban renewal projects. Chapter 519 of the Laws of Maryland 1995. This law will take effect October 1, 1995.

## II

### The Problem of Charter Amendments

Municipal corporations previously authorized by the General Assembly by public local law to carry out urban renewal projects continue to have this authority. The authority under which these laws were enacted, the Urban Renewal Amendment, expressly provides that it prevails over Article XI-E. Therefore, a municipal corporation may not, in purported exercise its home rule powers, amend or repeal through charter amendment the urban renewal provisions enacted by the General Assembly.[3]

To the extent that municipal charters have been amended in this respect, these charters should be republished by the municipalities to restore the urban renewal provisions enacted by the General Assembly. Likewise, the charters published by the Department of Legislative Reference should reflect these provisions.

---

[3] Although this office has stated that the sole power to amend a municipal charter is reserved to the municipality, 58 *Opinions of the Attorney General* 153, 157 (1973), this rule is clearly qualified where the General Assembly is acting pursuant to Article III, §61, as was previously recognized in a 1962 opinion. *See* 47 *Opinions of the Attorney General* 40, 43 (1962).

In your letter, you asked about the codification of future enactments. To avoid the confusion that results when a State law is added to a municipal charter, the General Assembly could enact future urban renewal authorizations as part of the public local laws for the county. A variation of this approach would be for the General Assembly to enact a standard authorization as part of Article 23A of the Maryland Code and then list the names of municipal corporations to which this authority is granted. If the convenience of having the authorization with a municipal corporations's fundamental law is the principal consideration, this authorization could be added as an appendix to the charter. As an appendix, this provision could be distinguished from those added by the municipality.

### III

### Conclusion

In summary, it is our opinion that the local urban renewal laws enacted by the General Assembly for particular municipal corporations remain valid. This is so even where the law was added to a municipal charter and municipal authorities have purportedly amended or repealed the charter provision.

J. Joseph Curran, Jr.
*Attorney General*

Richard E. Israel
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*